IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ALAN P. WOODRUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-330 |
| ) | |
| NATIONAL LIFE INSURANCE COMPANY, ) | |
| A Vermont Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court are several motions filed by the plaintiff: "Motion for Referral to Mediation" [doc. 1],[1] "Plaintiff's Motion to Strike 'Answer'" [doc. 7], and "Motion for Remand" [doc. 8]. Defendant has filed a response to the motions [doc. 12].

I.

*Motion for Remand*

The court will first address plaintiff's motion for remand because if the motion is well taken, the court need not address the other pending motions.

Plaintiff concedes for the purposes of the motion that diversity of citizenship exists between the parties, but he disputes that the amount in controversy required by 28 U.S.C. § 1332, $75,000, has been met. Plaintiff argues primarily that the claims in the

---

[1] This motion was filed in the state court prior to the case being removed.

complaint are unrelated and cannot be aggregated to satisfy the jurisdictional amount. Defendant argues that the jurisdictional amount is met on the face of the complaint.

Generally, a civil action that has been filed in state court can be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). This court has diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As referenced above, only the amount in controversy is at issue in this case.

Plaintiff's argument that aggregation can not be applied in this case is not persuasive. The Supreme Court recently stated, "This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, __ U.S. __, __, 125 S. Ct. 2611, 2615, 162 L. Ed. 2d 502 (2005) (citing *Edwards v. Bates County*, 163 U.S. 269, 273, 16 S. Ct. 967, 969, 41 L. Ed. 155 (1896)). Aggregation is permitted only "(1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 1056, 22 L. Ed. 2d 319 (1969); *see also Elliott Indus. Ltd. P'ship v. BP America Prod. Co.*, 407 F.3d 1091, 1105 (10th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir. 2001).

The court concludes that the requisite jurisdictional amount is readily discernable from the face of the complaint, whether or not the plaintiff's claims on the three policies are aggregated. In count one, plaintiff seeks to have refunded all premiums improperly charged as policy loans. The amounts of the premium loans that plaintiff alleges were taken from the three identified policies are stated to be: $191,992.77; $80,952.58; $140,823.87. Each of these amounts meets the amount-in-controversy requirement separately as well as in the aggregate. Even if the cash surrender values that plaintiff has already been paid on each of these policies are subtracted from the premium loan amounts, the $75,000 jurisdictional amount is still met when these amounts are aggregated. Therefore, plaintiff's motion for remand will be denied.

II.

*Plaintiff's Motion to Strike Answer*

In his motion to strike defendant's answer, plaintiff contends that the answer [doc. 2] is legally insufficient, that defendant's claims are based on the misrepresentation of facts, that defendant misrepresents the state of the pleadings, and that the court should order sanctions. Defendant argues that there are no grounds for striking any of the answer and that it has presented sufficient defenses to plaintiff's claims.

3

Federal Rule of Civil Procedure 8(b) provides:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8(b). Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The court has reviewed the defendant's answer in light of the standards of both Rule 8(b) and Rule 12(f), and it concludes that the answer is sufficient and there is no basis for striking all or part of it. Defendant's contentions as presented in its defenses are for determination at trial. There is accordingly no grounds for sanctions, and plaintiff's motion will be denied in all respects.

III.

*Plaintiff's Motion for Referral to Mediation*

Plaintiff moves the court for an order directing the parties to mediate this case as he believes that "settlement of this case is possible." Defendant argues that a forced mediation at this time would be "unworkable" and "both futile and inappropriate."

The court is certainly a proponent of mediation and can on its own order parties to mediation in the appropriate case. E.D. TN. LR 16.4(a). However, mediation can only be effective and useful if a case has reached a certain level of development. This case is not at such a level[2], and it would be premature to order mediation at this time. Accordingly, plaintiff's motion will be denied.

It is, therefore, **ORDERED** that:

1. plaintiff's "Motion for Remand" [doc. 8] is **DENIED**;

2. "Plaintiff's Motion to Strike 'Answer'" [doc. 7] is **DENIED**; and

3. plaintiff's "Motion for Referral to Mediation" [doc. 1] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

                                 s/ Leon Jordan
                          United States District Judge

---

[2] This case has not yet had a scheduling conference. However, one can now be set, and the court will do so by a separate order.

6