# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

ALAN WOODRUFF,

    PLAINTIFF,

V.                                                      NO.: 3:05-CV-330

NATIONAL LIFE INSURANCE COMPANY,

    DEFENDANT.

## DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

The defendant, National Life Insurance Company, appearing through its undersigned counsel, respectfully moves the court for an order imposing appropriate sanctions against the pro se plaintiff sufficient to deter repetitious or comparable inappropriate conduct by the pro se plaintiff in the future. As grounds for this motion, the defendant relies upon the record of this civil action to show the court the following facts:

1. On June 26, 2006, the pro se plaintiff filed with this Court a document entitled "Plaintiff's Motion for Summary Judgment", Doc. 18-1, bearing his signature on page 13 thereof.

2. The document entitled "Plaintiff's Motion for Summary Judgment" asserts the pro se plaintiff's right to recover damages from the defendant for the defendant's alleged breach of "Split Dollar Agreements" allegedly attached as exhibits to the document.

3. The alleged "Split Dollar Agreements" attached to the Plaintiff's Motion for Summary Judgment do not show the defendant's signature thereon, or any other indication of adoption of the agreements as obligations of the defendant, nor do the alleged agreements even identify the defendant as either a party to the alleged agreements, or an obligor to the parties <u>under those</u>

1

<u>agreements</u>.

4. No legal authorities are cited in the Plaintiff's Motion for Summary Judgment for the proposition of holding a non-party to a contract liable for an alleged breach thereof.

5. Accordingly, the pro se plaintiff's representation to the court, by his signature on the Plaintiff's Motion for Summary Judgment under Fed.R.Civ.P. 11(b)(2), that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" were patently and blatantly false.

Pursuant to the safe harbor provisions of Fed.R.Civ.P. 11 (c)(1)(a), filing of this motion with the court is being withheld for a period of 21 days after service, to allow the pro se plaintiff at least that amount of time to withdraw or appropriately correct the challenged document, claims, and contentions, and this motion will not be filed with the court if a withdrawal or appropriate correction is made within that time period.

Respectfully submitted,

Arnett, Draper & Hagood


By: <u>s/Dan. D. Rhea</u>
   Dan D. Rhea, BPR # 005927
   Attorneys for National Life Insurance Company

Arnett, Draper & Hagood
P.O. Box 300
Knoxville, TN 37901-0300
865/546-7000

2

# CERTIFICATE OF SERVICE

The undersigned, counsel for the defendant, hereby certifies that on July 12, 2006, a copy of the foregoing Motion was served upon the pro se plaintiff via United States Mail to the following address:

Alan Woodruff,
1444 East Park Lane
Sevierville, TN 37876

and that on August 7, 2006, a copy of the foregoing Motion was filed electronically. Notice of the electronic filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, listed above, will be served by regular U.S. Mail. Parties may access this filing, if and when made, through the Court's electronic filing system.

This August 7, 2006.

By: s/Dan D. Rhea
Dan D. Rhea