IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ALAN P. WOODRUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-330 |
| | ) |
| NATIONAL LIFE INSURANCE COMPANY, | ) |
| A Vermont Corporation, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This civil action is before the court for consideration of "Defendant's Motion for Sanctions Against Plaintiff Under Federal Rule of Civil Procedure 11" [doc. 21]. Plaintiff has responded to the motion [doc. 24]. For the reasons stated herein, the motion will be denied.

Defendant seeks sanctions against the *pro se* plaintiff based on the motion for summary judgment filed by plaintiff [doc. 18].[1] Defendant argues that the "Split Dollar Agreements," the documents upon which plaintiff bases his claim for damages, do not show defendant's signature or any indication that the defendant was a party to those agreements or an obligor to the parties named in the agreements. Defendant also argues that plaintiff cited no legal authority for his contention that a non-party to a contract can be held liable for

---

[1] The court denied plaintiff's motion for summary judgment in an order entered July 24, 2006 [doc. 20].

the breach of that contract. Therefore, defendant concludes that plaintiff has violated Federal Rule of Civil Procedure 11(b)(2).[2]

Plaintiff responds by stating that the defects in the pleadings that defendant raises might be a basis for denying the summary judgment motion, but they are not grounds for sanctions. Plaintiff then goes on to set out what he identifies as his primary, breach of fiduciary duty, and alternate, tortious interference with contract, theories of recovery.

In the Sixth Circuit, the test for imposition of Rule 11 sanctions is "whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997); *see also Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (citing *id.*). "The test of reasonableness under the circumstances is an objective standard." *Lockheed Martin Energy Sys. v. Slavin*, 190 F.R.D. 449, 457 (E.D.Tenn. 1999) (citing *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988)). The imposition of sanctions for violations of Rule 11 is discretionary with the court,

---

[2] Rule 11(b)(2) states:

> (b) **Representations to Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
> . . . .
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

not mandatory. *Ridder*, 109 F.3d at 293. The ultimate goal of Rule 11 is deterrence rather than compensation. *Id*. at 294.

Rule 11 sanctions may be imposed against a *pro se* litigant. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks to attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, No. 92-3842, 1995 WL 89003, at *2 (6th Cir. Mar. 2,1995) (Rule 11 "does not provide a different standard for attorneys and non-attorneys.").

The court has considered the record and the principles governing Rule 11, and in its discretion will deny the motion. The merits of the case have not yet been reached by the court,[3] and the defendant did not file a dispositive motion that would place the merits of the case before the court. The substance of defendant's response to the motion for summary judgment was a mere two pages in length, so it has not invested an inordinate amount of time and resources defending the motion for summary judgment. The court concludes that sanctions are not warranted in this case.

---

[3] The denial of plaintiff's motion for summary judgment was based on the fact that the documents he offered in support of the motion were not properly authenticated and could not be considered by the court [doc. 20].

3

It is, therefore, **ORDERED** that "Defendant's Motion for Sanctions Against Plaintiff Under Federal Rule of Civil Procedure 11" [doc. 21] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan<br>United States District Judge