IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

ALAN P. WOODRUFF,                           )
                                            )
                Plaintiff,                  )
                                            )
                                            )
v.                                          )       No. 3:05-CV-330
                                            )
NATIONAL LIFE INSURANCE COMPANY, )
A Vermont Corporation,                      )
                                            )
                Defendant.                  )

## MEMORANDUM AND ORDER

Pending before the court are two motions filed by plaintiff: "Plaintiff's Motion

[for] Reconsideration of Plaintiff's Motion for Summary Judgment" [doc. 22] and

"Plaintiff's Motion for Leave to File Amended Motion for Summary Judgment" [doc. 23].

Defendant has failed to respond to either motion.

The court will first address the motion for reconsideration brought pursuant to

Federal Rule of Civil Procedure 60(b). On July 24, 2006, the court entered an order [doc.

20] denying plaintiff's motion for summary judgment on the basis that none of the supporting

documents met the requirements of Federal Rule of Civil Procedure 56(e) as none of them

were properly authenticated.

Initially, it appears that Rule 60 does not apply in this case. "Rule 60(b) does

not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*,

674 F.2d 310, 312 (4th Cir. 1982). In essence, plaintiff disagrees with the court's decision

and is asking the court to change its mind. "Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *Id*. at 313. The court does not perceive any clear error of law or mistake on its part in the decision to deny plaintiff's motion for summary judgment, nor has plaintiff pointed to any change in the controlling law since the court filed its memorandum and order denying the motion for summary judgment.

In addition, plaintiff still does not perceive the significance and necessity of presenting authenticated documents to the court in support of a summary judgment motion. The cases he cites to substantiate his position regarding document authentication, *Fisher v. United States*, 425 U.S. 391 (1976)[1] and *In re Grand Jury Proceeding*, 890 F.2d 1 (7th Cir. 1989), are completely irrelevant. These cases deal with the production of documents in relation to grand jury proceedings and Internal Revenue investigations and have no bearing whatsoever on the requirement for properly authenticated documents to support a motion for summary judgment. Plaintiff's motion for reconsideration will be denied.

Plaintiff's second motion seeks permission to file an amended motion for summary judgment in which he claims to have "correct[ed] the deficiencies found in Plaintiff's initial motion for summary judgment." However, the proposed amended motion for summary judgment suffers from the same infirmities that defeated the first motion. Plaintiff submits with this proposed amended motion his affidavit in which he purportedly

---

[1] Plaintiff cites the case as *United States v. Kasmir*; however, the correct case name for citation is *Fisher v. United States*.

authenticates the documents attached to the motion. The affidavit, however, fails to demonstrate that 1) plaintiff is a person with the authority to swear to the authenticity of all the documents or that 2) he is a person through whom all the documents could be admitted into evidence. Plaintiff can attest to documents addressed to him that he personally received. However, he has not and obviously cannot authenticate, for example, the split dollar agreements.

Also significant is the fact that even if plaintiff's supporting documents were properly authenticated, they reveal material issues of fact that would preclude summary judgment. For example, plaintiff has submitted defendant's responses to his requests to admit, which clearly present material issues of fact. In those responses, defendant denies that the identified insurance policies are subject to the split dollar agreements and it denies that it prepared the split dollar agreements. These are matters that plaintiff relies on in making his claims, and they are in dispute.

The proposed amended motion for summary judgment, like its predecessor, fails to meet the requirements of Rule 56. Further, there are material issues of fact that would preclude summary judgment. Thus, it would be futile to allow the motion for summary judgment to be filed. Therefore, plaintiff's motion for leave to file an amended motion for summary judgment will be denied.

Accordingly, it is **ORDERED** that:

1)      "Plaintiff's Motion [for] Reconsideration of Plaintiff's Motion for Summary Judgment" [doc. 22] is **DENIED**; and

2)      "Plaintiff's Motion for Leave to File Amended Motion for Summary Judgment" [doc. 23] is **DENIED**.


**IT IS SO ORDERED**.


ENTER:


_____
                s/ Leon Jordan
            United States District Judge